IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OSCAR NUEVO GAONA | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-3796 |
| | : | |
| J.L. JAMISON | : | |
| *Warden, Federal Detention Center,* | : | |
| *Philadelphia, et al.* | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                    **June 5, 2026**

Petitioner Oscar Nuevo Gaona brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Nuevo Gaona who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Oscar Nuevo Gaona is a 36-year-old native of Mexico who entered the United States without inspection in 2021. Pet. ¶¶ 1, 17, ECF No. 1. After entering the United States, Nuevo Gaona went to live in Delaware, where he established community and worked as a cook. *Id.* ¶¶ 18-19. On June 2, 2026, DHS officials arrested Nuevo Gaona while he was bringing his pregnant partner to the doctor and took him into custody with no prior notice or opportunity to contest his detention. *Id.* ¶ 20. Nuevo Gaona was initially detained at the Federal Detention Center (FDC) in Philadelphia, *id.* ¶ 21, but has since been transferred to the Moshannon Valley Processing Center (Moshannon), *see* Resp'ts' Opp'n 4 n.4, ECF No. 5.[1]

---

[1] Shortly after the instant habeas petition was filed on June 3, 2026, this Court issued an order directing Petitioner to immediately serve the petition on Respondents, setting a response date, and directing the Government not to transfer Petitioner outside the Eastern District of Pennsylvania without further court order. ECF No. 2. The order was docketed at 1:49 p.m. on June 3, 2026. The

On June 3, 2026, Nuevo Gaona filed the instant habeas petition, seeking release on the ground that his detention pursuant to § 1225(b)(2)(A) violates the plain language of the Immigration and Nationality Act (INA), the Administrative Procedure Act, and his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment.  The Government responded to the petition on June 5, 2026.  It maintains Nuevo Gaona is lawfully detained pursuant to § 1225(b)(2)(A) under a correct interpretation of the statute and that such detention does not violate due process.

**DISCUSSION**

This case turns on a question of statutory interpretation that this Court and many others, in this district and elsewhere, have previously resolved against the Government.  The provision in question—§ 1225(b)(2)(A)—states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  In *Ndiaye v. Jamison,* this Court interpreted § 1225(b)(2)(A) to be limited to "noncitizens who are just arriving or have recently arrived in the country."  No. 25-6007, 2025 WL 3229307, at *5 (E.D. Pa. Nov. 19, 2025).  The Court found this interpretation was supported by the language of the statute—including the phrase "seeking admission," which "connotes some affirmative, present-tense action"—as well as the structure of the INA, longstanding agency practice, the passage of the Laken Riley Act, and the canon of constitutional avoidance.  *Id.* at *5-8. The Court further held that detention of noncitizens already present in the country is governed by different

---

Government represents that Petitioner departed the FDC for Moshannon between 1:53 and 1:56 p.m. on June 3, 2026, prior to receiving notice of the Court's no-transfer order at 2:19 p.m.  Resp'ts' Opp'n 4 n.4.

2

provision—8 U.S.C. § 1226(a)—which "authorizes discretionary detention with the opportunity for a bond hearing." *Id.* at *4-5.

The Government acknowledges that courts in this district have reached same conclusion this Court reached in *Ndiaye* in more than 250 cases to date. Resp'ts' Opp'n 2; *see also id.* at 5. Nevertheless, the Government continues to press its contrary interpretation. The issue is now the subject of a circuit split. Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'" *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). The Second, Sixth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732-35 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior and affirming due process relief requiring individualized bond hearings under § 1226(a)); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission.").[2]

---

[2] The Third Circuit has not yet addressed the issue presented in this case but heard oral argument in a pair of consolidated cases presenting the issue on May 11, 2026. *See* Resp'ts' Opp'n 5 n.6.

3

While none of the foregoing appellate authority is binding on this Court, the decisions in *Barbosa da Cunha*, *Lopez-Campos*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." *Barbosa Da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies to noncitizens like [Nuevo Gaona] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Nuevo Gaona's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in 2021, lived here for approximately five years, and was arrested by ICE in the interior in June 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Nuevo Gaona's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

4